UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| WESLEY A. TEDROW, | ) |
| *Plaintiff*, | ) ) ) ) |
| vs. | ) ) ) 1:21-cv-453-RLM-MG |
| FRANKLIN TOWNSHIP COMMUNITY SCHOOL CORPORATION, JILL BRITT, and MELISSA MORRIS, | ) ) ) ) |
| *Defendants*. | ) ) |

## ORDER

Plaintiff Wesley Tedrow has filed a "Motion to Strike Deficient Answers and Affirmative Defenses" in this employment action. [Filing No. 76.] First, Plaintiff asks the Court to strike the majority of Defendants' responses to Plaintiff's 218-paragraph Amended Complaint and "deem each corresponding allegation admitted." [Filing No. 76 at 1.] Second, he asks the Court to "strike Defendants' Affirmative … Defenses with prejudice." [Filing No. 76 at 1.]

### I.
### LEGAL STANDARDS

"The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). But as a general rule, motions to strike are disfavored because they "potentially serve only to delay." *Heller Fin., Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1294 (7th Cir. 1989). For responses to a plaintiff's allegations, "[t]he only permissible responses … [by a defendant] under Fed. R. Civ. P. 8(b) are admission, denial, or a statement of the absence of both knowledge and information sufficient to form a belief." *Milton v. Gen. Dynamics Ordnance & Tactical Sys., Inc.*, 2011 WL 4708637, at *1 (S.D. Ill. Oct. 4, 2011).

As for affirmative defenses, a court will refrain from striking affirmative defenses "if they are sufficient as a matter of law or if they present questions of law or fact." *Heller Fin.*, 883 F.2d at 1294. Additionally, courts within this District have held that "affirmative defenses are pleadings and, therefore, are subject to all pleading requirements of the Federal Rules of Civil Procedure." *Perez v. PBI Bank, Inc.*, 2015 WL 500874 (S.D. Ind. Feb. 4, 2015) (quoting *Heller Fin.*, 883 F.2d at 1294) (alteration omitted). The affirmative defense must be a "short and plain statement of the facts" and "allege the necessary elements" of the defense. *Spiegel v. Ashwood Fin., Inc.*, 2017 WL 1091250, at *4 (S.D. Ind. Mar. 23, 2017) (quoting *Heller Fin.*, 883 F.2d at 1295).[1]

## II.
### DISCUSSION

First, Plaintiff says that Defendants should have supplemented their answers to certain allegations after the Court denied, in part, Defendants' motion to dismiss. [Filing No. 76-1 at 2; Filing No. 76-1 at 5-6.] Second, he argues that Defendants are not permitted to simply deny allegations, and, instead, answers responding to a plaintiff's allegations must "meet the pleading requirements under Rules 8(b)(A) [sic] and 8(b)(2)." [Filing No. 76-1 at 5; Filing No. 76-1 at 8-13.] Plaintiff asserts that Defendants have an obligation to articulate evidence to support their denials. [*See, e.g.*, Filing No. 76-1 at 11 ("Defendants fail to even mention let alone address the comments [Plaintiff] identified or what facts/evidence Defendants' might rely on to refute them.")]. Third, Plaintiff cites to documents referenced in his Amended Complaint and the 17 exhibits attached thereto, and he says the Court should strike answers by Defendants that such documents "speak for themselves." [Filing No. 76-1 at 6-7.]

---

[1] The Seventh Circuit has not yet determined whether affirmative defenses are subject to the pleading standard set forth in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) and *Aschroft v. Iqbal*, 556 U.S. 662 (2009). *See Perez*, 2015 WL 500874, at *3; *Eastgate Invs. I, LLC v. MW Builders, Inc.*, 2020 WL 1887936, at *1 (N.D. Ind. Apr. 15, 2020).

Defendants respond by first noting that Plaintiff's Motion is untimely, having been filed on April 28, 2022 well past the 21-day deadline set forth in Fed. R. Civ. P. 12(f) because Defendants' Answer was filed on September 8, 2021. [Filing No. 78 at 3.] Next, Defendants say that they had no obligation under the Federal Civil Rules to supplement their Answer after the Court's March 14, 2022 ruling on Defendants' partial motion to dismiss because they ***did*** file an Answer responding to Plaintiff's Amended Complaint allegations even though they ***also*** filed a partial motion to dismiss. [Filing No. 78 at 4-5.] In addition, Defendants say that Plaintiff is attempting to apply a new pleading standard for answers that has no support in the Federal Civil Rules or other law. [Filing No. 78 at 5-6; Filing No. 78 at 9-11.] Next, Defendants argue that they did not just assert that the referenced documents "speak for themselves" but rather expressly admitted in most instances that the attached exhibits are true and accurate copies. And Defendants further note that in the course of discovery in this case, they have "already admitted to the truthfulness and accuracy of the documents." [Filing No. 78 at 8.] Finally, Defendants say that Plaintiff has not provided support for the remarkable relief that he seeks—*i.e.*, to deem his Amended Complaint allegations admitted by Defendant. [Filing No. 78 at 11.] If any relief is warranted, Defendants say that the appropriate relief is to require Defendants to amend their Answer. [Filing No. 78 at 11-12.]

In reply, Plaintiff contends that the 21-day deadline in Fed. R. Civ. P. 12(f) was not triggered in September 2021 when Defendants filed their Answer, but rather on March 28, 2022 when Plaintiff failed to supplement their Answer within 14 days of the Court's ruling on the partial motion to dismiss. [Filing No. 80 at 2-3.] Plaintiff also says that his conception of what is required under Fed. R. Civ. P. 8 is correct, and a defendant cannot simply deny allegations without extensive explanation for the denial.

3

Under Fed. R. Civ. P. 12(f)(2), a party is to file a motion strike "within 21 days after being served with the pleading." Defendants filed the challenged Answer on September 8, 2021, which means a motion to strike should have been filed by September 29, 201. [*See* Filing No. 48.] Of course, Plaintiff argues that the trigger date was when Defendants failed to file a revised Answer within 14 days of the Court's March 14, 2022 Order on Defendants' partial motion to dismiss. Even accepting, *arguendo*, Plaintiff's theory that the trigger date was March 28, 2022, 21 days later renders a due date of April 18, 2022, but Plaintiff did not file the instant Motion to Strike until April 28, 2022. [Filing No. 76.] However, Fed. R. Civ. P. 12(f)(1) also allows the court to strike matters in a pleading on its own motion. "Therefore, a belated motion to strike does not necessarily preclude the motion from being considered." *Wetherill v. Ind. Symphony Soc'y, Inc.*, 2017 WL 10992339, at *1 (S.D. Ind. Aug. 28, 2017).

Here, Plaintiff's Motion to Strike was filed 7-½ months after Defendants filed their Answer. During those intervening 7-½ months, the parties engaged in extensive discovery, including discovery about contentions and defenses made in this case, enabling the parties to seek clarification on any allegations and defenses. Furthermore, recognizing that discovery may eliminate or alter some of the parties' legal theories, as part of the case management planning, this District requires "the party with the burden of proof shall file a statement of the claims or defenses it intends to prove at trial, stating specifically the legal theories upon which the claims or defenses are based." [*See* Filing No. 16 at 8 (Case Management Plan Order).] In compliance with the Case Management Plan Order entered in this case, Defendants filed a Statement of Defenses, [Filing No. 68], and an Amended Statement of Defenses, [Filing No. 83], in which Defendants clearly articulate their affirmative defenses and the factual bases underlying them. Given the extensive amount of time that has elapsed, the amount of discovery that has occurred, and Defendants'

4

Statement of Defenses, the Court agrees with Defendants that Plaintiff's Motion to Strike is untimely and, practically speaking, serves no useful purpose at this stage of the proceedings, and therefore **DENIES** the Motion in full.

Even if the Motion was timely or the Court found reason to take up the Motion on its own accord, the Court notes that Plaintiff's argument for striking paragraphs responding to Plaintiff's allegations because the denials were not sufficiently pled is simply wrong and has no support in the Federal Civil Rules or case law. [*See, e.g.*, Filing No. 76-1 at 4-5 ("Defendants answered … [the] above-referenced paragraphs with a single word 'denied.' *** These and all of the other above-referenced answers fail to meet the pleading requirements …. [t]hey neither provide a short and plain statement of the defense, nor do they give [Plaintiff] notice of the basis for the denials or what facts/evidence Defendants might rely on to support them." Defendants are *not* required to plead facts when simply admitting or denying allegations in a complaint. See *Milton*, 2011 WL 4708637, at *1.

Additionally, Plaintiff's complaints that he did not receive clearer responses to his allegations referencing the 17 exhibits attached to his Amended Complaint are largely a problem of his own making and in most instances are not proper as pleadings. "Rule 10(c) is not a license for parties to plead their case by exhibit." *Mart v. Forest River, Inc.*, 2011 WL 924289, at *3 (N.D. Ind. Mar. 14, 2011) (citing *Perkins v. Silverstein,* 939 F.2d 463, 467 (7th Cir. 1991)). "[L]engthy or numerous exhibits containing extraneous or evidentiary material should not be attached to the pleadings." 5A Wright & Miller, Fed. Prac. & Proc. § 1327 (4th ed., Apr. 2022 update). Here, Plaintiff attached evidence, including a 3-page prepared statement authored by Plaintiff. [*See* Filing No. 38-9]. Such exhibits are, frankly, improper as they are not a properly a "written instrument" under Fed. R. Civ. P. 10(c). *See, e.g., Allen v. Wal-Mart Stores, Inc.,* 2020 WL

3000957, at *2 (D. Colo. June 3, 2020) ("A 'written instrument' is a document that consists largely of documentary evidence, specifically, contracts, notes, and other writing on which a party's action or defense is based.") (internal citation, quotation marks, and alternations omitted). Thus, the lack of meritorious arguments underlying Plaintiff's Motion further counsels in favor of the Court declining to consider the untimely motion.

### III.
### CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Strike Deficient Answers and Affirmative Defenses, [76], is **DENIED**.

Date: 6/28/2022

Mario Garcia
United States Magistrate Judge
Southern District of Indiana

**Distribution via ECF to all counsel of record**