UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| WESLEY A. TEDROW, | ) |
| | ) |
| *Plaintiff,* | ) |
| | ) |
| v. | ) CAUSE NO. 1:21-CV-453 RLM-MG |
| | ) |
| FRANKLIN TOWNSHIP | ) |
| COMMUNITY SCHOOL | ) |
| CORPORATION, et al., | ) |
| | ) |
| *Defendants* | ) |

ORDER

Magistrate Judge Mario Garcia held a discovery conference on May 24, 2022, where he addressed various discovery disputes between the parties. After the hearing, Judge Garcia entered an order denying in relevant part Mr. Tedrow's motion to compel discovery from the defendants. [Doc. No. 85]. Mr. Tedrow timely objected to Judge Garcia's order, identifying four requests for production that he argues were wrongly decided. [Doc. No. 86]. For reasons explained in this order, the court overrules Mr. Tedrow's objections to Judge Garcia's May 31 order.

Judge Garcia's order isn't dispositive of Mr. Tedrow's claims, so it can be set aside or modified only if "clearly erroneous" or "contrary to law." Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A). A district court may set aside or modify a magistrate judge's ruling "only if the district court is left with the definite and firm conviction that a mistake has been made. Weeks v. Samsung Heavy Indus. Co., Ltd., 126 F.3d 926, 943 (7th Cir. 1997). Arguments not made to the

magistrate judge are normally waived. United States v. Melgar, 227 F.3d 1038, 1040 (7th Cir. 2000).

Mr. Tedrow first objects to Judge Garcia's ruling on three of Mr. Tedrow's requests for production, all of which sought other employees' employment records. In his third set of requests for production, Mr. Tedrow requested: all documents for each certified staff member placed on administrative leave for any reason from July 2015 to present (request number 2); all documents for each certified staff member issued a preliminary or final termination notice from July 15 to present (request number 4); and all observations, evaluations, and disciplinary records from July 2015 to present in the personnel files of twenty-five teachers who'd worked with Mr. Tedrow (request number 7). He asked for these records so he could show that the School Corporation discriminated and retaliated against him because of sex and disability.

Judge Garcia denied the requests. He explained that while a plaintiff might be entitled to other employees' records, those employees must have engaged in similar conduct as the plaintiff. Amrhein v. Health Care Serv. Corp., 546 F.3d 854, 860 (7th Cir. 2008). The School Corporation asked Mr. Tedrow to complete a fitness-for-duty examination, alleging he'd acted oddly and aggressively. Judge Garcia concluded that each of the three requests for production went beyond similarly situated employees, i.e., those asked to submit to a fitness-for-duty exam because of odd or aggressive behavior. That meant all three requests were overly broad and unduly burdensome on the defendants, who had already

2

responded to each of the requests with documents for other employees accused of odd and aggressive behavior. Judge Garcia noted that Mr. Tedrow offered no alternative and narrower search that would capture similarly situated employees for each request.

Mr. Tedrow contends that Judge Garcia erred by denying his motion to compel as to these three requests. He primarily argues Judge Garcia erred by assuming the School Corporation's accusations of odd and aggressive behavior were true. Mr. Tedrow says it's illogical to limit discovery to employees accused of "odd or aggressive behavior": he alleges that "odd or aggressive behavior" is merely a pretext for actual discrimination, so limiting discovery to those employees prevents Mr. Tedrow from proving that those accusations were pretextual. He adds that all employees are potential comparators since they all have the same superintendent or principal as supervisor, and all have the same standards set forth in the employees' collective bargaining agreement and other school board policies. Mr. Tedrow cites evidence to undermine the defendants' claims of odd and aggressive behavior, but he appears to have only raised those after Judge Garcia's hearing, so the court doesn't consider those arguments and designations of evidence.[1]

---

[1] It's not entirely clear that Mr. Tedrow didn't raise these claims to Judge Garcia. Mr. Tedrow doesn't reply to the defendants' claim that he waived these arguments, though, so the court construes Mr. Tedrow as having conceded the point.

The defendants argue that Mr. Tedrow doesn't address Judge Garcia's finding that the three requests for production would be overly broad and unduly burdensome on the defendants. They reiterate that Mr. Tedrow never proposed a search for comparators that was narrower than "all certified staff" in each request. As they point out, Mr. Tedrow objects to Judge Garcia's emphasis on conduct, but a comparator must have more in common than just conduct. A comparator is usually one who (1) dealt with the same supervisor, (2) was subject to the same standards, and (3) engaged in similar conduct. Coleman v. Donahoe, 667 F.3d 835, 847 (7th Cir. 2012). The defendants don't directly address Mr. Tedrow's argument that having the same superintendent or principal and having the same personnel policies is enough to make all employees potential comparators, but suggest that even if that's true, the burden and intrusion of searching the School Corporation's records outweighs the value of all employees as comparators. *See* Sommerfield v. City of Chi., 613 F. Supp. 2d 1004, 1016 (N.D. Ill. 2009).

Mr. Tedrow hasn't met his burden of showing that Judge Garcia's ruling was clearly erroneous or contrary to law. A judge managing discovery must consider not only relevance, but also burden and expense. Id. (citing Herbert v. Lando, 441 U.S. 153, 177 (1979)). Judge Garcia concluded that Mr. Tedrow's requests for production were overly broad not only in light of the conduct the School Corporation alleged, but also in light of the School Corporation's burden in responding to such broad requests. Mr. Tedrow didn't respond to the

4

defendants' arguments or Judge Garcia's reasoning or conclusions about overbreadth and undue burden by proposing any narrower search at the hearing or in briefing. Mr. Tedrow might benefit from all the personnel files he seeks, but Judge Garcia didn't err by denying such a broad request.

Mr. Tedrow next argues that Judge Garcia erred by denying his motion to compel production of all improvement plans and evaluations for all certified staff placed on a teacher improvement plan with less than two "needs improvement" ratings from 2018 to present. Mr. Tedrow sought these records to prove the School Corporation retaliated against him for filing an Equal Employment Opportunity Commission charge against the School Corporation. Judge Garcia denied the motion for relevance and overbreadth. Judge Garcia explained that a performance improvement plan isn't a materially adverse employment action for purposes of retaliation allegations. Fields v. Bd. of Educ. of City of Chi., 928 F.3d 622, 625 (7th Cir. 2019) (per curiam); Little v. Ill. Dep't of Pub. Health, No. 17 CV 4466, 2020 WL 1530736, at *16 (N.D. Ill. Mar. 31, 2020). Because a performance improvement plan doesn't amount to a materially adverse employment action, responsive documents would be irrelevant to any retaliation claim. Judge Garcia concluded the request was also overly broad because teachers could be placed on an improvement plan for any number of reasons, completely unrelated to Mr. Tedrow's circumstances.

Mr. Tedrow argues the performance improvement plan the School Corporation placed him on was serious enough for retaliation claims because it

5

disqualified him from earning a bonus, negatively affected his standing with professional peers, and reduced his prospects of finding alternative employment. He takes issue with Judge Garcia's authorities, arguing that <u>Fields v. Board of Education of City of Chicago</u> dealt with discrimination, not retaliation, and that <u>Little v. Illinois Department of Public Health</u> didn't involve performance improvement plans.

The defendants respond by arguing that Mr. Tedrow's assertions that he missed out on a bonus, lost professional standing with peers, and lost career prospects are waived because they were raised after the hearing with Judge Garcia, and aren't supported by any evidence. They argue that Judge Garcia's authorities control because a performance improvement plan isn't enough for discrimination or retaliation claims, and that the written reprimands in <u>Little v. Illinois Department of Public Health</u> were analogous to performance improvement plans.

Judge Garcia's decision was sound here, too. Judge Garcia denied Mr. Tedrow's motion as to these documents on overbreadth, but Mr. Tedrow doesn't at all address Judge Garcia's finding of overbreadth. Mr. Tedrow's assertion that the performance improvement plan was serious enough for a retaliation claim because it affected his bonus eligibility, professional standing, and career prospects also appears to be too little too late—he doesn't cite evidence for his assertions of fact and doesn't respond to the defendants' assertion that he waived this argument by raising it for the first time after Judge Garcia's discovery

6

conference. The court construes that as a waiver of any such argument. United States v. Melgar, 277 F.3d 1038, 1040 (7th Cir. 2000).

Mr. Tedrow asks that the court narrow his requests for production rather than overrule his objections because of burden and proportionality. Mr. Tedrow could have offered narrower search criteria at the discovery conference and could have offered narrower alternatives in briefing his objections but didn't. The court declines Mr. Tedrow's request.

For the foregoing reasons, the court OVERRULES Mr. Tedrow's objections to Magistrate Judge Garcia's May 31 discovery order. [Doc. No. 86].

SO ORDERED.

ENTERED:   August 3, 2022


    /s/ Robert L. Miller, Jr.
Judge, United States District Court

Distribution:  All Electronically registered counsel of record