UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| WESLEY A. TEDROW, | ) | |
| | ) | |
| *Plaintiff*, | ) | |
| | ) | |
| vs. | ) | |
| | ) | 1:21-cv-00453-RLM-MG |
| FRANKLIN TOWNSHIP COMMUNITY SCHOOL | ) | |
| CORPORATION, JILL BRITT, and MELISSA | ) | |
| MORRIS, | ) | |
| | ) | |
| *Defendants*. | ) | |
| | ) | |

**ORDER**

Pending before the Court and ripe for a decision is Plaintiff Wesley Tedrow's "Motion for Leave of Court to Late Designate Damages Expert for Trial," [Filing No. 92].

In short verse, Plaintiff asks for permission to belatedly provide Fed. R. Civ. P. 26(a)(2) expert disclosures for his proposed expert witness, Dr. Marc Martinez, PhD, by no later than October 3, 2022. Pursuant to this Court's prior orders governing the schedule in this case, Plaintiff's expert disclosures were due back on March 25, 2022. [*See* Filing No. 16 at 6; Filing No. 72.] Plaintiff says that Dr. Martinez's testimony will be "for the exclusive purposes of establishing damages at trial." [Filing No. 92 at 1.] He asserts that the delay was caused by difficulties in identifying and securing an expert witness and, further, that Defendants will not be prejudiced by the belated disclosure because he intends to only elicit testimony from Dr. Martinez at trial (and not for dispositive motions) and a trial date has not been set yet. [Filing No. 92 at 4-6.] In support of his request, Plaintiff also cites Fed. R. Civ. P. 26(a)(2)(D) which provides that "*absent a stipulation or court order*, the [expert] disclosures must be made at least 90 days before the date set for trial or for the case to be ready for trial." *Id.* (emphasis added).

Defendants oppose Plaintiff's Motion.  [Filing No. 95.]  In addition to running afoul of the expert disclosure deadlines set by the Court's orders, Defendants point out that the deadline to complete discovery and for the parties to file motions to limit or preclude expert testimony has also passed.  [Filing No. 95 at 3.]  Defendants note that Plaintiff still has not provided them with the disclosures required for Dr. Martinez under Fed. R. Civ. P. 26(a)(2), even with the filing of Plaintiff's Motion.  [Filing No. 95 at 5.]  Defendants say that they would be prejudiced if Plaintiff is permitted to provide expert disclosures at this late date because "the whole issue of damages discovery would be re-opened and Defendants would be forced to incur the time, cost, and expense of further damages discovery well after the closure of such matters."  [Filing No. 95 at 7.]  Defendants also dispute that Plaintiff has offered sufficient justification for the delay.  [Filing No. 95 at 8-9.]

Plaintiff's expert disclosures were due on March 25, 2022.  [*See* Filing No. 16 at 6; Filing No. 72.]  The liability discovery deadline was May 13, 2022, and expert and damages discovery were to be completed by May 20, 2022.  [Filing No. 16 at 8 ("expert witness discovery and discovery relating to damages shall be completed by May 20, 2022"; Filing No. 64 ("discovery relating to liability issues shall be completed by May 13, 2022").]  Both sides agree that Plaintiff's request to untimely disclose Dr. Martinez and his report runs afoul of these orders.  Despite Plaintiff's contention to the contrary, the request also runs afoul of Fed. R. Civ. P. 26(a)(2)(D), which provides that parties must make the required expert witness disclosures "at the times and in the sequence that the court orders."  *Id.*

The belated expert designation also runs headlong into Fed. R. Civ. P. 37(c)(1), which provides that "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a

motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1); *Salgado v. Gen. Motors Corp.*, 150 F.3d 735, 742 (7th Cir. 1998). District courts exercise broad discretion in making the determination of whether the delay is substantially justified or harmless, but the Seventh Circuit has identified the following pertinent factors: (1) the prejudice or surprise to the party against whom the evidence is offered; (2) the ability of the party to cure the prejudice; (3) the likelihood of disruption to the trial; and (4) the bad faith or willfulness involved in not disclosing the evidence at an earlier date. *David v. Caterpillar, Inc.*, 324 F.3d 851, 857 (7th Cir. 2003). Also relevant here is Fed. R. Civ. P. 16(b)(4), which obligates a party seeking to amend a case schedule to show "good cause" for doing so. *Id.*

Under the first factor, the deadlines for both liability and expert discovery passed months before Plaintiff filed his Motion on August 4, 2022, or otherwise notified Defendants or this Court of his intention to identify an expert and seek to hold open expert discovery. During an extended discovery conference with the undersigned on May 24, 2022, Plaintiff's counsel did not raise the prospect that Plaintiff was still trying to secure an expert witness and thus would need to hold open the expert deadline. [*See* Filing No. 84.] In fact, on June 22, 2022, Plaintiff asked the Court to set a trial date, representing that "[d]iscovery has concluded as of May 13, 2022." [Filing No. 87 at 1.] Thus, it is fair to say that the Defendants and the Court were not expecting Plaintiff's request to identify a new expert months after the deadline. Furthermore, in the face of silence from Plaintiff about an expert witness, Defendants completed discovery and are preparing to file a dispositive motion. If Plaintiff were permitted to belatedly disclose an expert report from Dr. Martinez, discovery would need to be reopened, Defendants would need to seek an expert, and multiple depositions would need to be taken. The Court would also need to reset the now-passed June 3, 2022 deadline for motions to exclude or limit expert testimony. Defendants would be

prejudiced if Plaintiff were permitted to identify a new expert at this late date because of all the modifications and expense concomitant with the disclosure of a new expert after the close of discovery.  *See Shock v. Ruan Transport Co.*, 2013 WL 5460298, at *8 (N.D. Ind. Sept. 30, 2013) (finding prejudice where party sought to disclose an expert witness after the close of discovery). Thus, the first factor weighs against granting Plaintiff's Motion.

As for the second and third factors—the ability to cure the prejudice and disruption to the proceedings—as mentioned above, the cure would involve permitting Defendants to submit a new expert report as well, reopening discovery, resetting deadlines for motions related to experts, and possibly postponing the dispositive motion deadline.  These measures would create added cost to Defendants and delay to the proceedings.  While it is true that a trial date has not been set, reopening discovery and extending deadlines for related motions would undoubtedly add additional delay.  On balance, the second and third factors weigh against Plaintiff's request.

Under the fourth factor, while "bad faith" may not have been at work in Plaintiff's delay here, certainly Plaintiff has not established that he was diligent in seeking to secure and disclose an expert. *See, e.g., Tetzlaff v. Educational Credit Mgmt. Corp.*, 794 F.3d 756, 760 (7th Cir. 2015) (finding plaintiff-debtor failed to establish good cause for late expert disclosure where plaintiff "waited another six months to raise the issue with the bankruptcy court"); *see also R3 Composites Corp. v. G&S Sales Corp.*, 2021 WL 613836, at *3 (N.D. Ind. Feb. 17, 2021) ("Rule 16's 'good cause' standard focuses primarily on the moving party's diligence.").  Plaintiff offers the explanation (but no evidence) that he had difficulty finding an appropriate expert, but he does not explain why he did not (or was unable to) inform the Court or Defendants about these apparent difficulties or his intent to secure an expert after the established deadline for doing so.  This lack of diligence undermines Plaintiff's Motion.

In summary, the factors identified by the Seventh Circuit in *David v. Caterpillar, Inc.*, 324 F.3d 851 (7th Cir. 2003) and the diligence required by Fed. R. Civ. P. 16(b)(4) counsel against granting Plaintiff's requested extension.

Therefore, Plaintiff's Motion for Leave of Court to Late Designate Damages Expert for Trial [92] is **DENIED**.

Date: 9/7/2022

Mario Garcia
United States Magistrate Judge
Southern District of Indiana

**Distribution via ECF to all counsel of record.**